**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **JAMES LEE BROWN** | **CIVIL ACTION NO. 3:10-cv-0628** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **EDWIN MOBLEY** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff James Lee Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 13, 2010. When he filed this complaint he was a detainee at the Madison Parish Detention Center, Tallulah and he was awaiting trial on attempted second degree murder charges. He was released from custody on April 25, 2010.

Plaintiff sued a single defendant – Assistant District Attorney Edwin Mobley. He prayed for his immediate release from custody and compensatory damages for each day that he was incarcerated. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

***Background***

Plaintiff was arrested and charged with attempted second degree murder on December 1, 2009. He was incarcerated in the Madison Parish Detention Center, however, he was not brought before the Court for the purposes of appointing counsel and setting bail within the 72 hour period mandated by La. C.Cr.P. art. 230.1. However, on December 15, 2009, a district judge convened a

telephone conference with the plaintiff, appointed counsel, and set bail.

On the date set for plaintiff's arraignment, Assistant District Attorney Edwin Mobley obtained a continuance of the arraignment until March 17, 2010, pending further investigation. In the meantime, plaintiff's court-appointed counsel obtained a bond reduction from $75,000 to $5,000, and the attempted murder charges were reduced to aggravated battery. Plaintiff was released from custody on April 25, 2010.

## *Law and Analysis*

### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

### *2. Habeas Corpus*

Plaintiff implies that his incarceration was unlawful because he was not afforded a timely "first appearance" or arraignment. He prayed for his immediate release from confinement. However, such relief is not available in a civil rights action filed pursuant to §1983. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("Generally, § 1983 suits are the proper vehicle to attack

unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. See *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989)).

Therefore, plaintiff's §1983 complaint, insofar as it sought his immediate release from custody must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[1]

***3. Damages***

Plaintiff also seeks compensatory damages for his allegedly unlawful incarceration from Assistant District Attorney Mobley. This claim is subject to dismissal in accordance with the provisions of 28 U.S.C. §1915(e)(2). Plaintiff's claim for monetary damages against Assistant District Attorney Mobley is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant

[1] Pro se pleadings may be liberally construed, however, the undersigned is reluctant to construe plaintiff's complaint as a *habeas corpus* proceeding. Plaintiff, of course, may file such a proceeding pursuant to the provisions of 28 U.S.C. §2241. (A pre-trial detainee's suit challenging incarceration on speedy trial grounds should be brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982)). However, it appears that plaintiff was ultimately released and therefore an application for *habeas corpus* would be subject to being dismissed as moot.

Furthermore, federal law requires state prisoners who attack their confinement in federal court to exhaust available state court remedies prior to filing suit.. With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires detainees seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff faults the prosecutor for failing to provide a preliminary examination and for obtaining a continuance of plaintiff's arraignment. Plaintiff's claim against Mobley is clearly based on his conduct as the state's advocate and he is therefore entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430); *Cousin v. Small*, 325 F.3d 627 (5th Cir.2003). Plaintiff's complaint against Mobley must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) since plaintiff seeks monetary relief against a defendant who is immune from such relief.

***Conclusion and Recommendation***

For the foregoing reasons

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana July 2, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE